IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR HIGHTOWER,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-05-0458** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **Warden, FCI-ALLENWOOD,** | : | |
| | : | |
| **Respondents** | : | |

# **M E M O R A N D U M**

## **I.   BACKGROUND**

Petitioner, Arthur Hightower, an inmate at the Allenwood Federal Correctional Institution ("FCI-Allenwood") in White Deer, Pennsylvania, commenced this action in the United States District Court for the District of Columbia ("D.C. District Court") *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Named as Respondent is Scott Dodrill, Warden at USP-Lewisburg. Thereafter, the D.C. District Court transferred the case to this court. Petitioner, a District of Columbia Code violator, appears to claim that the Bureau of Prisons has incorrectly calculated his sentence. For relief, Petitioner seeks credit for time he spent in state custody. Respondent claims that Petitioner has failed to exhaust administrative

remedies, and the petition should be dismissed. The matter has been fully briefed and it is ripe for disposition. For the reasons that follow, the petition will be denied.

## II.   **Discussion**

### **Exhaustion Requirement**

It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. *Muhammad v. Carlson*, 739 F.2d 122, 123 (3d Cir. 1984); *see also Young v. Quinlan*, 960 F.2d 351, 356 (3d Cir. 1992). Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62.

The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. *See* 28 C.F.R. §§

542.10-542.19.  Under the procedure, "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id.* at § 542.13(a).  Second, if an inmate is unable to informally resolve his complaint, he may file a formal written complaint to the warden, on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred.  *Id*. at § 542.14(a).  The warden has twenty (20) days to respond.  *Id*. at § 542.18.

If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director within twenty (20) calendar days from the date of the warden's response.  *Id*. at § 542.15(a).  The Regional Director has thirty (30) days to respond.  *Id.* at § 542.18.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office) within thirty (30) calendar days from the date of the Regional Director's response.  *Id* at § 542.15(a).  The General Counsel has forty (40) days to respond.  *Id.* at § 542.18.

Respondent has filed exhibits with the response to the habeas petition (doc. 5), that incorporate the sworn declaration of FCI-Allenwood senior attorney Joseph McCluskey.  A review of the record confirms that as of March 28, 2005, Petitioner

3

"has not exhausted available administrative remedies prior to filing the instant habeas action . . . ." (*Id*., Ex. 1 at ¶ 8.) Consequently, Petitioner has not exhausted the claim raised in his petition through the administrative review process.

Although Petitioner filed a traverse (doc. 6), he has not addressed the exhaustion issue. Liberally construing the petition and traverse of this *pro se* litigant, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Petitioner has failed to demonstrate exhaustion. Accordingly, his habeas corpus petition will be denied for failure to exhaust administrative remedies. An appropriate order will issue.

                 s/Sylvia H. Rambo
                 SYLVIA H. RAMBO
                 United States District Judge

Dated: June 27, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR HIGHTOWER,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-0458 |
| | : | |
| v. | : | (**Judge Rambo**) |
| | : | |
| **Warden, FCI-ALLENWOOD,** | : | |
| | : | |
| **Respondents** | : | |

## **O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED** for failure to exhaust administrative remedies.

2) The Clerk of Court is directed to close the case.

                           s/Sylvia H. Rambo
                           SYLVIA H. RAMBO
                           United States District Judge

Dated: June 27, 2005.